E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3165
    Facsimile: (213) 894-3713
    E-mail:   lyndsi.allsop@usdoj.gov
KRISTIN N. SPENCER (Cal. Bar No. 294692)
Assistant United States Attorney
Santa Ana Branch office
    411 West Fourth Street, 8th Floor
    Santa Ana, California 92701
    Telephone: (714) 338-3531
    Facsimile: (714) 338-3708
    E-mail:   kristin.spencer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**F I L E D**
CLERK, U.S. DISTRICT COURT

08/30/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:23-00145-SPG-1 |
|---|---|
|        Plaintiff, | PLEA AGREEMENT FOR DEFENDANT NORRELL ALAN ANDERSON |
|           v. | |
| NORRELL ALAN ANDERSON, <br>   aka "Daddy," <br>   aka "Nono," <br>   aka "paynohoe. 3," | |
|        Defendant. | |

    1.   This constitutes the plea agreement between NORRELL ALAN ANDERSON, also known as ("aka") "Daddy," aka "Nono," aka "paynohoe. 3," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any

1    other federal, state, local, or foreign prosecuting, enforcement,

2    administrative, or regulatory authorities.

3                            DEFENDANT'S OBLIGATIONS

4         2.    Defendant agrees to:

5              a.    To give up the right to indictment by a grand jury

6    and, at the earliest opportunity requested by the USAO and provided

7    by the Court, appear and plead guilty to a two-count information in

8    the form attached to this agreement as Exhibit A or a substantially

9    similar form, which charges defendant with Sex Trafficking of a

10   Minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and

11   Transportation of a Minor for Prostitution or Criminal Sexual

12   Activity, in violation of 18 U.S.C. § 2423(a).

13             b.    Not contest facts agreed to in this agreement.

14             c.    Abide by all agreements regarding sentencing contained

15   in this agreement.

16             d.    Appear for all court appearances, surrender as ordered

17   for service of sentence, obey all conditions of any bond, and obey

18   any other ongoing court order in this matter.

19             e.    Not commit any crime; however, offenses that would be

20   excluded for sentencing purposes under United States Sentencing

21   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

22   within the scope of this agreement.

23             f.    Be truthful at all times with the United States

24   Probation and Pretrial Services Office and the Court.

25             g.    Pay the applicable special assessments at or before

26   the time of sentencing unless defendant has demonstrated a lack of

27   ability to pay such assessments.

28

h.   Not oppose the imposition of a term of supervised release of at least five (5) years under the following terms and conditions of probation or supervised release:

i.   Within three (3) days of release from prison, defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, is employed, and is a student, pursuant to the registration procedures that have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the United States Probation & Pretrial Services Office (the "Probation Office") within 48 hours of registration.

ii.   Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Office.  Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.  Defendant retains the right to invoke the Fifth Amendment.

iii. Immediately following sentencing, defendant shall report directly to the Probation Office for instructions regarding the registration requirements created by the Adam Walsh Child Protection and Safety Act of 2006.

iv.  As directed by the Probation Office, defendant shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any

1   combination thereof to the aftercare contractor during the period of

2   community supervision.  Defendant shall provide payment and proof of

3   payment as directed by the Probation Office.  If defendant has no

4   ability to pay, no payment shall be required.

5           v.    Defendant shall not view or possess any

6   materials, including pictures, photographs, books, writings,

7   drawings, videos, or video games, depicting, or describing child

8   pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit

9   conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  This

10  condition does not prohibit defendant from possessing materials

11  solely because they are necessary to, and used for, a collateral

12  attack, nor does it prohibit defendant from possessing materials

13  prepared and used for the purposes of defendant's Court-mandated sex

14  offender treatment when defendant's treatment provider or the

15  probation officer has approved of defendant's possession of the

16  material in advance.

17          vi.   Defendant shall not own, use, or have access to

18  the services of any commercial mail-receiving agency, nor shall

19  defendant open or maintain a post office box, without the prior

20  written approval of the Probation Office.

21          vii. Defendant shall not contact the victim(s), by any

22  means, including in person, by mail or electronic means, or via third

23  parties.  Further, defendant shall remain at least 100 yards from the

24  victim(s) at all times.  If any contact occurs, defendant shall

25  immediately leave the area of contact and report the contact to the

26  Probation Office.

27          viii.    Defendant shall not enter, or loiter, within

28  100 feet of school yards, parks, public swimming pools, playgrounds,

youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the Probation Office.

ix.  Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notify said parent or legal guardian of defendant's conviction in the instant offense/prior offense.  This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom defendant must interact with in order to obtain ordinary and usual commercial services.

x.  Defendant shall not affiliate with, own, control, volunteer, or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

xi.  Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

xii. Defendant's employment shall be approved by the Probation Office, and any change in employment must be pre-approved by the Probation Office.  Defendant shall submit the name and address of the proposed employer to the Probation Office at least ten (10) days prior to any scheduled change.

xiii.  Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds,

1  youth centers, video arcade facilities, or other places primarily

2  used by persons under the age of 18.  Defendant's residence shall be

3  approved by the Probation Office, and any change in residence must be

4  pre-approved by the Probation Office.  Defendant shall submit the

5  address of the proposed residence to the Probation Office at least

6  ten days prior to any scheduled move.

7  xiv. Defendant shall submit to a search, at any time,

8  with or without warrant, and by any law enforcement or probation

9  officer, of defendant's person and any property, house, residence,

10  vehicle, papers, computers, cellphones, other electronic

11  communication or data storage devices or media, email accounts,

12  social media accounts, cloud storage accounts, effects and other

13  areas under defendant's control, upon reasonable suspicion concerning

14  a violation of a condition of supervision or unlawful conduct by

15  defendant, or by any probation officer in the lawful discharge of the

16  officer's supervision functions.

17  xv.  Defendant shall not view or possess any

18  materials, including pictures, photographs, books, writings,

19  drawings, videos, or video games, depicting or describing child

20  erotica, which is defined as a person under the age of 18 in partial

21  or complete state of nudity, in sexually provocative poses, viewed

22  for the purpose of sexual arousal.

23  xvi. Upon release from custody, defendant shall submit

24  to a psycho-sexual evaluation approved and directed by the Probation

25  Officer.  Defendant shall abide by all rules, requirements, and

26  conditions, of such an assessment, including submission to risk

27  assessment evaluation, and physiological testing, such as polygraph,

28  and Abel testing, to determine if defendant is a risk for sexual re-

1  offending, in need of additional conditions of supervision and sex

2  offender specific treatment.  As directed by the Probation Office,

3  defendant shall pay all or part of the costs of the evaluation to the

4  aftercare contractor during the period of community supervision.

5  Defendant shall provide payment and proof of payment as directed by

6  the Probation Office.  If defendant has no ability to pay, no payment

7  shall be required.

8              xvii.    Defendant shall participate in an evaluation

9  by a trained professional, approved by the Probation Office, to

10  assess defendant's risk to the community as a sex offender.  The

11  evaluation may include physiological testing, such as polygraph and

12  Abel testing.  The Court authorizes the Probation Office to disclose

13  the Presentence Report, and any previous mental health evaluations or

14  reports, to the evaluation provider.  As directed by the Probation

15  Office, defendant shall pay all or part of the costs of the sex

16  offender risk evaluation to the aftercare contractor during the

17  period of community supervision.  Defendant shall provide payment and

18  proof of payment as directed by the Probation Office.  If defendant

19  has no ability to pay, no payment shall be required.

20              xviii.    Defendant shall possess and use only those

21  digital devices, screen usernames, email accounts, social media

22  accounts, messaging applications, and cloud storage accounts, as well

23  as any passwords or passcodes for all such digital devices and

24  accounts, that have been disclosed to the Probation Office upon

25  commencement of supervision.  Any new devices, accounts,

26  applications, passwords, or passcodes are to be disclosed to the

27  Probation Office prior to the first use.  A digital device is any

28  electronic system or device that can access, view, obtain, store, or

1  transmit visual depictions of sexually explicit conduct involving
2  children.

3          xix. All computers, computer-related devices, and their
4  peripheral equipment, used by defendant shall be subject to search,
5  seizure and computer monitoring.  This shall not apply to items used
6  at the employment site that are maintained and monitored by the
7  employer.

8          xx.  Defendant shall comply with the rules and
9  regulations of the Computer Monitoring Program.  Defendant shall pay
10  the cost of the Computer Monitoring Program.

11      3.  Defendant understands that defendant will be required to
12  pay full restitution to the victim(s) of the offenses to which
13  defendant is pleading guilty.  Defendant agrees that, in return for
14  the USAO's compliance with its obligations under this agreement, the
15  Court may order restitution to persons other than the victim(s) of
16  the offenses to which defendant is pleading guilty and in amounts
17  greater than those alleged in the counts to which defendant is
18  pleading guilty.  In particular, defendant agrees that the Court may
19  order restitution to any victim of any of the following for any
20  losses suffered by that victim as a result: (a) any relevant conduct,
21  as defined in U.S.S.G. § 1B1.3, in connection with the offenses to
22  which defendant is pleading guilty; and (b) any counts dismissed and
23  charge not prosecuted pursuant to this agreement as well as all
24  relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with
25  those counts and charges.

26      4.  Defendant further agrees:

27          a.   To forfeit all right, title, and interest in and to
28  any and all monies, properties, and/or assets of any kind, derived

8

from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty (collectively, the "Forfeitable Assets").

b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d.    Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e.    Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

f.    Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

g.    To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

1       h.   To fill out and deliver to the USAO a completed

2 financial statement listing defendant's assets on a form provided by

3 the USAO.

4       i.   That forfeiture of Forfeitable Assets shall not be

5 counted toward satisfaction of any special assessment, fine,

6 restitution, costs, or other penalty the Court may impose.

7 <center>THE USAO'S OBLIGATIONS</center>

8   5.   The USAO agrees to:

9       a.   Not contest facts agreed to in this agreement.

10      b.   Abide by all agreements regarding sentencing contained

11 in this agreement.

12      c.   At the time of sentencing, move to dismiss the

13 underlying indictment as against defendant.  Defendant agrees,

14 however, that at the time of sentencing the Court may consider any

15 dismissed charges in determining the applicable Sentencing Guidelines

16 range, the propriety and extent of any departure from that range, and

17 the sentence to be imposed.

18      d.   At the time of sentencing, provided that defendant

19 demonstrates an acceptance of responsibility for the offenses up to

20 and including the time of sentencing, recommend a two-level reduction

21 in the applicable Sentencing Guidelines offense level, pursuant to

22 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

23 additional one-level reduction if available under that section.

24      e.   Except for criminal tax violations (including

25 conspiracy to commit such violations chargeable under 18 U.S.C.

26 § 371), not further criminally prosecute defendant for violations of

27 Sex Trafficking by Force, Fraud, or Coercion, in violation of 18

28 U.S.C. §§ 1591(a)(1), (b)(1) arising out of defendant's conduct

<center>10</center>

described in the agreed-to factual basis set forth in paragraph 18 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

f.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 35 or higher and provided that the Court does not depart downward in offense level or criminal history category.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

<u>NATURE OF THE OFFENSES</u>

6.    Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Sex Trafficking of a Minor by Force, Faud, or Coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(2), the following must be true: (1) defendant knowingly recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited a person to engage in a commercial sex act; (2) the person had not attained the age of eighteen years; (3) the defendant knew or was in reckless disregard of the fact that the person had not attained the age of eighteen

years; (4) the defendant knew or was in reckless disregard of the fact that the person would be caused to engage in a commercial sex act, and (5) the defendant's acts were in or affecting interstate commerce.

7.    Defendant understands that for defendant to be guilty of the crime charged in count two, that is, Transportation of a Minor for Prostitution or Criminal Sexual Activity, in violation of 18 U.S.C. § 2423(a), the following must be true: (1) defendant knowingly transported a person from Las Vegas, Nevada to Los Angeles, California; (2) defendant did so with the intent that the person engage in prostitution; and (3) the person was under the age of eighteen years at the time.

<u>PENALTIES</u>

8.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 1591(a)(1), (b)(2), is: 10 years' imprisonment; a five-year term of supervised release; and a mandatory special assessment of $100.

9.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 2423(a), is: 10 years' imprisonment; a five-year term of supervised release; and a mandatory special assessment of $100.

10.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1591(a)(1), (b)(2), is: life imprisonment; a life term supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2423(a), is: life imprisonment; a life term of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

12.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a five-year period of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.  The total mandatory minimum sentence for all offenses to which defendant is pleading guilty the court must impose is: 10 years' imprisonment; a five-year period of supervised release, and a special assessment of $200.

13.   Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

14.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

15.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

16.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his/her convictions on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his

14

pleas may entail, even if the consequence is automatic removal from the United States.

<div align="center">FACTUAL BASIS</div>

17.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 19 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

<div align="center">Sex Trafficking and Transportation of Minor Victim 1</div>

Between February 6, 2023, and February 12, 2023, defendant corresponded with Minor Victim 1 ("Victim 1"), a 17-year-old girl who lived in Las Vegas, Nevada, via text message and convinced her to come to the State of California to work for him as a prostitute. Defendant recklessly disregarded the fact that Victim 1 had not attained the age of 18 years, and he knew that she would be caused to engage in prostitution.

On or about February 12, 2023, defendant transported Victim 1 in his car from Las Vegas, Nevada to Los Angeles, California in order for Victim 1 to engage in prostitution in Los Angeles, California.

On or about February 13, 2023, in Los Angeles, California, defendant directed Victim 1 to send him photographs to accompany her online sex advertisements.  He then directed his co-defendant (RAEONNAH RAINA THOMAS) to instruct Victim 1 about how to engage in sex work.  On that same date, using his cellphone (a computer)

defendant created online sex advertisements for Victim 1 on sex advertisement websites including MegaPersonals and AdultLook.

### Sex Trafficking of Minor Victim 2

Beginning in or around January 2023 until on or about February 13, 2023, in Los Angeles, California and elsewhere, defendant knowingly recruited, enticed, transported, provided, obtained, and transported Minor Victim 2 ("Victim 2"), who was then sixteen years old, to engage in a commercial sex act. Specifically, from in or around January 2023 until February 13, 2023, defendant acted as Victim 2's "pimp". In that capacity, defendant managed and directed Victim 2's commercial sex work, including by telling Victim 2 how much to charge buyers to engage in commercial sex acts, requiring Victim 2 to meet nightly quotas, transporting Victim 2 to locations where Victim 2 was expected to solicit buyers with whom Victim 2 would engage in commercial sex acts, and collecting and maintaining the proceeds of Victim 2's commercial sex acts. During the time defendant recruited, enticed, provided, obtained, and transported Victim 2, defendant recklessly disregarded facts establishing that Victim 2 had not attained the age of 18 years. Defendant knew that Victim 2 would be caused to engage in a commercial sex acts.

While engaging in commercial sex work for defendant, defendant would require Victim 2 to post sex advertisements online or he would post them himself. The use of Internet sex advertisements, including MegaPersonals, Skip the Game, Private Delights, and AdultLook, to promote Victim 2's commercial sex work affected interstate and foreign commerce.

1                          SENTENCING FACTORS

2        18.  Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7   Sentencing Guidelines are advisory only, that defendant cannot have

8   any expectation of receiving a sentence within the calculated

9   Sentencing Guidelines range, and that after considering the

10  Sentencing Guidelines and the other § 3553(a) factors, the Court will

11  be free to exercise its discretion to impose any sentence it finds

12  appropriate between the mandatory minimum and up to the maximum set

13  by statute for the crimes of conviction.

14       19.  Defendant and the USAO agree to the following applicable

15  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 30 | U.S.S.G. § 2G1.3(a)(2) |
| Use of Computer | +2 | U.S.S.G. § 2G1.3(b)(3) |
| Undue Influence | +2 | U.S.S.G. § 2G1.3(b)(2)(B) |
| Managerial Role | +2 | U.S.S.G. § 3B1.1(c) |
| Multiple Counts | +2 | U.S.S.G. §§ 2G1.3(d), 3D1.4 |

21  Defendant and the USAO reserve the right to argue that additional

22  specific offense characteristics, adjustments, and departures under

23  the Sentencing Guidelines are appropriate.

24       20.  Defendant understands that there is no agreement as to

25  defendant's criminal history or criminal history category.

26       21.  Defendant and the USAO reserve the right to argue for a

27  sentence outside the sentencing range established by the Sentencing

28

1    Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
2    (a)(2), (a)(3), (a)(6), and (a)(7).

3                    <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

4        22.  Defendant understands that by pleading guilty, defendant
5    gives up the following rights:

6            a.    The right to persist in a plea of not guilty.

7            b.    The right to a speedy and public trial by jury.

8            c.    The right to be represented by counsel -- and if
9    necessary have the Court appoint counsel -- at trial.  Defendant
10   understands, however, that, defendant retains the right to be
11   represented by counsel -- and if necessary have the Court appoint
12   counsel -- at every other stage of the proceeding.

13           d.    The right to be presumed innocent and to have the
14   burden of proof placed on the government to prove defendant guilty
15   beyond a reasonable doubt.

16           e.    The right to confront and cross-examine witnesses
17   against defendant.

18           f.    The right to testify and to present evidence in
19   opposition to the charges, including the right to compel the
20   attendance of witnesses to testify.

21           g.    The right not to be compelled to testify, and, if
22   defendant chose not to testify or present evidence, to have that
23   choice not be used against defendant.

24           h.    Any and all rights to pursue any affirmative defenses,
25   Fourth Amendment or Fifth Amendment claims, and other pretrial
26   motions that have been filed or could be filed.

27                   <u>WAIVER OF RETURN OF DIGITAL DATA</u>

28

1    23.   Understanding that the government has in its possession

2  digital devices and/or digital media seized from defendant, defendant

3  waives any right to the return of digital data contained on those

4  digital devices and/or digital media and agrees that if any of these

5  digital devices and/or digital media are returned to defendant, the

6  government may delete all digital data from those digital devices

7  and/or digital media before they are returned to defendant.

8                      WAIVER OF APPEAL OF CONVICTION

9    24.   Defendant understands that, with the exception of an appeal

10  based on a claim that defendant's guilty pleas were involuntary, by

11  pleading guilty defendant is waiving and giving up any right to

12  appeal defendant's convictions on the offenses to which defendant is

13  pleading guilty.  Defendant understands that this waiver includes,

14  but is not limited to, arguments that the statutes to which defendant

15  is pleading guilty are unconstitutional, and any and all claims that

16  the statement of facts provided herein is insufficient to support

17  defendant's pleas of guilty.

18           WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK

19    25.   Defendant agrees that, provided the Court imposes a term of

20  imprisonment within or below the range corresponding to an offense

21  level of 35 and the criminal history category calculated by the

22  Court, defendant gives up the right to appeal all of the following:

23  (a) the procedures and calculations used to determine and impose any

24  portion of the sentence; (b) the term of imprisonment imposed by the

25  Court; (c) the fine imposed by the Court, provided it is within the

26  statutory maximum; (d) to the extent permitted by law, the

27  constitutionality or legality of defendant's sentence, provided it is

28  within the statutory maximum; (e)  the term of probation or

1  supervised release imposed by the Court, provided it is within the

2  statutory maximum; and (f) any of the following conditions of

3  probation or supervised release imposed by the Court: the conditions

4  set forth in Second Amended General Order 20-04 of this Court; the

5  drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and

6  3583(d); the alcohol and drug use conditions authorized by 18 U.S.C.

7  § 3563(b)(7); and any conditions of probation or supervised release

8  agreed to by defendant in paragraph 2 above.

9      26.  Defendant also gives up any right to bring a post-

10 conviction collateral attack on the conviction or sentence, including

11 any order of restitution, except a post-conviction collateral attack

12 based on a claim of ineffective assistance of counsel, a claim of

13 newly discovered evidence, or an explicitly retroactive change in the

14 applicable Sentencing Guidelines, sentencing statutes, or statutes of

15 conviction.  Defendant understands that this waiver includes, but is

16 not limited to, arguments that the statute to which defendant is

17 pleading guilty is unconstitutional, and any and all claims that the

18 statement of facts provided herein is insufficient to support

19 defendant's plea of guilty.

20     27.  The USAO agrees that, provided (a) all portions of the

21 sentence are at or above the statutory minimum and at or below the

22 statutory maximum specified above and (b) the Court imposes a term of

23 imprisonment within or above the range corresponding to an offense

24 level of 35 and the criminal history category calculated by the

25 Court, the USAO gives up its right to appeal any portion of the

26 sentence, with the exception that the USAO reserves the right to

27 appeal the following.

28

## RESULT OF WITHDRAWAL OF GUILTY PLEA

28.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

29.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

1                 EFFECTIVE DATE OF AGREEMENT

2     30.  This agreement is effective upon signature and execution of

3 all required certifications by defendant, defendant's counsel, and an

4 Assistant United States Attorney.

5                   BREACH OF AGREEMENT

6     31.  Defendant agrees that if defendant, at any time after the

7 signature of this agreement and execution of all required

8 certifications by defendant, defendant's counsel, and an Assistant

9 United States Attorney, knowingly violates or fails to perform any of

10 defendant's obligations under this agreement ("a breach"), the USAO

11 may declare this agreement breached.  All of defendant's obligations

12 are material, a single breach of this agreement is sufficient for the

13 USAO to declare a breach, and defendant shall not be deemed to have

14 cured a breach without the express agreement of the USAO in writing.

15 If the USAO declares this agreement breached, and the Court finds

16 such a breach to have occurred, then: (a) if defendant has previously

17 entered guilty pleas pursuant to this agreement, defendant will not

18 be able to withdraw the guilty pleas, and (b) the USAO will be

19 relieved of all its obligations under this agreement.

20     32.  Following the Court's finding of a knowing breach of this

21 agreement by defendant, should the USAO choose to pursue any charge

22 that was either dismissed or not filed as a result of this agreement,

23 then:

24         a.  Defendant agrees that any applicable statute of

25 limitations is tolled between the date of defendant's signing of this

26 agreement and the filing commencing any such action.

27         b.  Defendant waives and gives up all defenses based on

28 the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

33.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

34.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 19 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

35.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

36.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

//

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        37.    The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney

9

10                                                    8/27/2024
     _____          _____
     LYNDSI ALLSOP                               Date
11   KRISTIN N. SPENCER
     Assistant United States Attorneys

12                                                    8/26/24
     _____          _____
13   NOREELL ALAN ANDERSON                       Date
     Defendant
14                                                    8/26/24
     _____          _____
15   MATTHEW SCHINDLER                           Date
     Attorney for Defendant NORRELL ALAN
16   ANDERSON

17

18

19

20

21

22

23

24

25

26

27

28

1              CERTIFICATION OF DEFENDANT

2        I have read this agreement in its entirety.  I have had enough

3   time to review and consider this agreement, and I have carefully and

4   thoroughly discussed every part of it with my attorney.   I understand

5   the terms of this agreement, and I voluntarily agree to those terms.

6   I have discussed the evidence with my attorney, and my attorney has

7   advised me of my rights, of possible pretrial motions that might be

8   filed, of possible defenses that might be asserted either prior to or

9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10  of relevant Sentencing Guidelines provisions, and of the consequences

11  of entering into this agreement.  No promises, inducements, or

12  representations of any kind have been made to me other than those

13  contained in this agreement.  No one has threatened or forced me in

14  any way to enter into this agreement.  I am satisfied with the

15  representation of my attorney in this matter, and I am pleading

16  guilty because I am guilty of the charges and wish to take advantage

17  of the promises set forth in this agreement, and not for any other

18  reason.

19  _____        _8/26/24_____

20  NORRELL ALAN ANDERSON                  Date
    Defendant

21

22

23

24

25

26

27

28

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am NORRELL ALAN ANDERSON's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____        8/27/24
MATTHEW SCHINDLER                        Date
Attorney for Defendant
NORRELL ALAN ANDERSON

Exhibit A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:23-00145-SPG-1 |
|---|---|
| Plaintiff, | F I R S T<br>S U P E R S E D I N G<br>I N F O R M A T I O N |
| v. | |
| NORRELL ALAN ANDERSON,<br> aka "Daddy,"<br> aka "Nono,"<br> aka "paynohoe. 3," | [18 U.S.C. § 2423(a):<br>Transportation of a Minor for<br>Prostitution and Criminal Sexual<br>Activity; 18 U.S.C. §§ 1591(a)(1),<br>(b)(2): Sex Trafficking of a<br>Minor; 18 U.S.C. §§ 1594 and 2428:<br>Criminal Forfeiture] |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 2423(a)]

On or about February 12, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendant NORRELL ALAN ANDERSON, also known as ("aka") "Daddy," aka "Nono," aka "paynohoe. 3," knowingly transported an individual, that is, Minor Victim 1, who had not attained the age of 18 years, in interstate commerce, with intent that Minor Victim 1 engage in prostitution and sexual activity for which any person can be charged with a criminal offense, namely, Prostitution, in violation of California Penal Code Section 647(b).

                                    COUNT TWO

                        [18 U.S.C. §§ 1591(a)(1), (b)(2)]

      Beginning on an unknown date, but no later than on or about
January 2023, and continuing until on or about February 13, 2023, in
Los Angeles County, within the Central District of California, and
elsewhere, defendant NORRELL ALAN ANDERSON, also known as ("aka")
"Daddy," aka "Nono," aka "paynohoe. 3," did knowingly, in and
affecting interstate commerce, recruit, entice, harbor, transport,
provide, obtain, and maintain by any means, an individual, that is,
Minor Victim 2, knowing and in reckless disregard of the fact that
Minor Victim 2 had not attained the age of 18 years and knowing that
Minor Victim 2 would be caused to engage in a commercial sex act.

1                       FORFEITURE ALLEGATION ONE

2          1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

3   Procedure, notice is hereby given that the United States of America

4   will seek forfeiture as part of any sentence, pursuant to Title 18,

5   United States Code, Section 2428, in the event of the defendant's

6   conviction of the offense set forth in Count One of this Superseding

7   Information.

8          2.    If so convicted, defendant shall forfeit to the United

9   States of America the following property:

10               (a) All right, title, and interest in any property, real

11   or personal, that was used or intended to be used to commit or to

12   facilitate the commission of such offense;

13               (b) All right, title, and interest in any property, real

14   or personal, constituting or derived from any proceeds obtained

15   directly or indirectly from such offense; and

16               (c) To the extent such property is not available for

17   forfeiture, a sum of money equal to the total value of the property

18   described in subparagraphs (a) and (b).

19          3.    Pursuant to Title 21, United States Code, Section 853(p),

20   as incorporated by Title 18 Section 2428(b)(2), defendant, if so

21   convicted, shall forfeit substitute property, up to the total value

22   of the property described in the preceding paragraph if, as the

23   result of any act or omission of said defendant, the property

24   described in the preceding paragraph, or any portion thereof: (a)

25   cannot be located upon the exercise of due diligence; (b) has been

26   transferred, sold to or deposited with a third party; (c) has been

27   placed beyond the jurisdiction of the court; (d) has been

28   substantially diminished in value; or (e) has been commingled with

                                    3

1  other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 1594(d)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 1594(d), in the event of the defendant's conviction of the offense set forth in Count Two of this Superseding Information.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   Any property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of such violation, and any property traceable to such property;

(b)   Any property, real or personal, constituting or derived from, any proceeds that such person obtained, directly or indirectly, as a result of such violation, or any property traceable to such property; and

(c)   In the event such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 1594(e)(2), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof (a) cannot be located upon the exercise of due diligence;

1  (b) has been transferred, sold to or deposited with a third party;

2  (c) has been placed beyond the jurisdiction of the court; (d) has

3  been substantially diminished in value; or (e) has been commingled

4  with other property that cannot be divided without difficulty.

5

6                                    E. MARTIN ESTRADA
                                     United States Attorney
7

8

9                                    MACK E. JENKINS
                                     Assistant United States Attorney
10                                   Chief, Criminal Division

11                                   DAMARIS M. DIAZ
                                     Assistant United States Attorney
12                                   Acting Chief, Violent & Organized
                                        Crime Section
13
                                     ANNE GANNON
14                                   Assistant United States Attorney
                                     Chief, Santa Ana Branch Office
15
                                     LYNDSI ALLSOP
16                                   Assistant United States Attorney
                                     Violent & Organized Crime Section
17
                                     KRISTIN N. SPENCER
18                                   Assistant United States Attorney
                                     Santa Ana Branch Office
19

20

21

22

23

24

25

26

27

28

                                        6